IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAREHOUSE EMPLOYEES LOCAL 169 AND EMPLOYERS JOINT PENSION FUND; JOSEPH LYONS, BRIAN RIECE, MICHAEL ZACHWIEJA, EDWARD McDERMOTT, RAYMOND TARNOWSKI, ROBERT H. BARRON, GEORGE CZUBA AND THEIR SUCCESSORS AS TRUSTEES OF THE WAREHOUSE EMPLOYEES LOCAL 169 AND EMPLOYERS JOINT PENSION FUND, : : : : : : : : : : | Civil Action No. |
| Plaintiffs, : | |
| v. : | |
| PRINTERS, INC., : | |
| Defendant. : | |

## COMPLAINT

Plaintiffs, by their attorneys, Kleinbard Bell & Brecker LLP, bring this action against Defendant Printers, Inc. ("Printers") and in support thereof allege as follows:

## NATURE OF THE ACTION

1. This is an action by Plan fiduciaries to compel an employer to pay withdrawal liability pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. §1381 through 1405 and 1451.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Sections 502(a), (e), (f) and (g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §1132(a), (e), (f) and (g) and 1451(a), (b) and (c).

## VENUE

3. As the Plan is administered within the Eastern District of Pennsylvania, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301 (d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d).

## THE PARTIES

4. The Warehouse Employees Local 169 and Employers Joint Pension Fund (the "Fund") was established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan" within the meaning of Section 3(2) of ERISA, 29 U.S.C. §1002(2). The Plan is maintained pursuant to one or more collective bargaining agreements between an employee organization and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

5. The Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c) (5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §186(c) (5). The Board of Trustees is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29

U.S.C. §1002(16)(B)(iii).  The Fund maintains its offices and the Plan is administered at Davis Road and Oakwood Lane, Valley Forge, Pennsylvania 19482.

6. Plaintiffs Joseph Lyons, Brian Riece, Michael Zachwieja, Edward McDermott, Raymond Tarnowski, Robert H. Barron and George Czuba ("Plaintiff Trustees") are members of the Fund's Board of Trustees.  The Plaintiff Trustees exercise discretionary authority, control and responsibility with respect to management and administration of the Fund and Plan and disposition of Fund assets.  As such, Plaintiff Trustees are fiduciaries with respect to the Plan, within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21).

7. Upon information and belief, Printers, formerly known as Clinton Envelope & Paper Co., is a Pennsylvania corporation having had its principal places of business at 10 North 11th Street, Philadelphia, PA 19107 and Pennsauken Industrial Park, 9040 Pennsauken Highway, Pennsauken, NJ 08109.  Upon information and belief, Robert Donner was at all relevant times the President of Printers.  Upon information and belief, Printers only current address is 1251 Sequoia Road, Cherry Hill, New Jersey 08003.

8. Printers was a party, directly or indirectly, to a collective bargaining agreement with Warehouse Employees Union Local 169.  Pursuant to said collective bargaining agreement, Printers was obligated to make contributions to the Fund on behalf of certain of its employees.  As such, Printers is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

## COUNT I - ACTION UNDER ERISA FOR
## WITHDRAWAL LIABILITY AGAINST PRINTERS

9. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 8 of this Complaint with the same force and effect as if set forth at length herein.

10. Upon information and belief, in or about May 2003, Printers withdrew from participation in the Plan, within the meaning of Section 4203(a) of ERISA, 29 U.S.C. §1383(a).

11. As a result of withdrawal from the Plan, Printers became liable to the Fund for withdrawal liability in the amount of $98,620 pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

12. After determining the amount of Printers' withdrawal liability, on or about July 28, 2003 the Fund notified Printers of the estimated amount of its withdrawal liability and of the schedule for liability payments and demanded payment in accordance with the schedule, as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§1382 and 1399(b)(1).  On or about December 1, 2003, the Fund notified Printers of the final amount of its withdrawal liability.  Copies of said notices to Printers ("Notice and Demand") are annexed hereto, and made a part hereof, as Exhibit "A".

13. Pursuant to Section 4219(c) of ERISA, 29 U.S.C. §1399(c), and as provided in the Notice and Demand, Printers was required to make quarterly withdrawal liability payments in the amount of $6,108 for eighteen quarters and a final or 19th payment in the amount of $3,064.  The first payment was due on or before January 1, 2004.

14. Printers made quarterly withdrawal liability payments but failed to make the withdrawal liability payment of $6,108 due July 1, 2006.

15. On or about June 20, 2006, the Fund notified counsel for Printers that if the withdrawal liability payment due July 1, 2006 was not paid by July 10, 2006, suit would be commenced to recover the quarterly payment of $6,108, plus interest, liquidated damages of 20% and attorneys fees. A copy of said notice is annexed hereto, and made a part hereof, as Exhibit "B".

16. Printers has disputed the amount of withdrawal liability demanded by Plaintiffs.

17. Printers has initiated arbitration, as required under Section 4221(a) of ERISA, 29 U.S.C. §1401(a). Arbitration hearings have been scheduled for September 2006.

18. Pursuant to Section 4221(d) of ERISA, 29 U.S.C. §1401(d), Printers is required to continue making its quarterly withdrawal payments while the arbitration is pending.

19. No prior application has been made for the relief requested herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order and judgment:

(a) Directing Printers to pay to the Fund the sum of $6,108;

(b) Directing Printers to pay to the Fund interest on the sum set forth in paragraph (a) herein, computed from July 1, 2006, the date on which defendant failed to make payment of its quarterly withdrawal liability payment at the rates based upon prevailing market rates for comparable obligations in accordance with the regulations prescribed by the Pension Benefit Guaranty Corporation, as provided in Article 13.2 of the Plan.

(c) Directing Printers to pay to the Fund liquidated damages provided under the Plan and under §502(g)(2) of ERISA, 29 U.S.C.§1132(g)(2) in the amount of 20% of the unpaid quarterly installment of $6,108, or $1,221.60.

    (d)  Directing Printers to pay to the Fund the reasonable attorneys' fees and costs of this action pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §1l32(g)(2)(D) and 1451(b); and

    (e)  Granting such other and further relief as the Court deems appropriate.

            Respectfully submitted,

            KLEINBARD BELL & BRECKER LLP


            /s/ Eric J. Schreiner
            Eric J. Schreiner, Esquire (ES1579)
            Paul E. Bomze, Esquire
            1900 Market Street; Suite 700
            Philadelphia, PA  19103
            215-568-2000
            215-568-0140 (facsimile)

            *Attorneys for Plaintiffs*

Dated:  July 12, 2006